United States District Court
Middle District of Florida
Jacksonville Division

**KIMBERLY PONCE AND KAREN PONCE,**

    *Plaintiffs,*

v.                                                                             No. 3:20-cv-571-J-34PDB

**HF HOLDINGS, INC.,**

    *Defendant.*

## Order

The plaintiffs move to extend the time to serve process and to direct the clerk to issue an alias summons. Doc. 9.

On June 9, 2020, the plaintiffs filed the complaint, Doc. 1, and the clerk issued the summons the next day, Doc. 9. On September 8, 2020—the deadline to serve the defendant—the plaintiff filed a copy of the summons and the current motion. Doc. 8. A process server states, "I failed to find HF Holdings Inc C/O Basial Hamdan Registered Agent or any information to allow further search." Doc. 8. He adds, "6/25/2020 11:40 am Attempted 5929 Anno Ave—Parking lot empty—5929 all signage removed—front part of the office empty could not see past front office." Doc. 8.

The plaintiffs explain the process server has previously served the defendant (presumably in another case) with "significant difficulty." Doc. 9 at 2. They explain they could not complete service because the defendant failed to update its business information, contending that because of the pandemic or some other reason "it is clear that Defendant is no longer in operation" at the registered agent's address. Doc. 9 at 2; *see* Doc. 9-1 (internet printout from the Florida Division of Corporations showing the registered agent's address as 5929 Anno Avenue, Orlando, FL 32809). They

explain they found another address for the registered agent, Doc. 9 at 2, and attach a proposed alias summons, Doc. 9-2. They contend they worked diligently to find a new service address and worked with the process server to determine other methods of service. Doc. 9 at 3.

"The court may permit a summons to be amended." Fed. R. Civ. P. 4(a)(2). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

"Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007). Absent good cause, a court has discretion to extend the time. *Id.* Factors in deciding whether to extend the time include the length and reasons for the delay, the relative hardships of the parties, receipt of actual notice, the expiration of a statute of limitations, evasion of service, whether the plaintiff requested an extension from the court due to difficulties in perfecting service, and the plaintiff's diligence in pursuing service within the ninety-day period. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1006–07 (7th Cir. 2011).

Based on the circumstances described, the Court **grants** the motion, Doc. 9, and, in its discretion, extends the time to serve process to **November 6, 2020**, and **directs** the clerk to issue the proposed amended summons, Doc. 9-2. The Court does

not address the validity of service in the manner proposed.

**Ordered** in Jacksonville, Florida, on October 5, 2020.

                                                  PATRICIA D. BARKSDALE
                                                  *United States Magistrate Judge*

c:       Counsel of Record